**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Lyndon Southern Insurance Company, | Case No.: 9:18-cv-3019-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Solomon Victor Walker, | |
| Defendant. | |

This matter is before the Court on Defendant Solomon Victor Walker's Motion to Reconsider or Amend (Dkt. No. 14). For the reasons set forth below, the Court grants the Motion.

## I. Background

Plaintiff Lyndon Southern Insurance Company filed this action on November 8, 2018, seeking a declaration that it has no duty to defend or indemnify Walker in the Underlying Action or to satisfy the default judgment. (Dkt. No. 1 at 6.) This action arises out of a car accident on March 18, 2016, (the "accident") between Defendant Walker and Oranne Brunson. On February 15, 2019, the Court denied Defendant Walker's Motion to Dismiss. (Dkt. No. 13.) Defendant Walker now moves for reconsideration. (Dkt. No. 14.)

Concurrent with this Order, the Court issued an order remanding the related tort case, 9:18-cv-3399-RMG, to state court, finding that the South Carolina defendants were not fraudulently joined. In light of that decision, the Court now reconsiders its prior order on Defendant's Motion to Dismiss.

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an

intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) *citing EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

### III. Discussion

Given that the Court has remanded Walker's tort action against Lyndon Southern to state court, the Court finds it is appropriate to decline to exercise jurisdiction under the abstention doctrine set forth in *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371 (4th Cir. 1994). In *Nautilus*, the Fourth Circuit ruled that a district court's discretion to decline to hear a declaratory judgment action should be guided by:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ] (iii) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law,'…[and (iv)] whether the declaratory judgment action is being used merely as a device for 'procedural fencing.'

*Id.* at 377 (citations omitted).[1] All four *Nautilus* factors indicate the Court should abstain in this case. The Court therefore does not reach the additional "criteria outlined in *Quarles*, which focus

---

[1] The portion of *Nautilus* regarding appellate standards of review was overruled by the Supreme Court in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). However, the four *Nautilus* factors

on the general utility of the declaratory relief sought." *Id.* at 376. The Court assumes, without finding, that the declaratory relief sought would "serve a useful purpose" for the litigants. *See Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937). But, nonetheless, considerations of federalism, efficiency, and comity are sufficiently compelling to justify refusal to exercise jurisdiction over this case.

First, South Carolina has a strong interest in having many of the issues raised in this action decided in state court. Motor vehicle liability insurance is an area of state regulation, in which the federal government has little interest. *See Prentiss v. Allstate Ins. Co.*, 87 F.Supp.2d 514, 524 (W.D.N.C. 1999) (finding that automobile insurance regulation is "a complex state regulatory scheme" and that "there is no federal interest in the regulation of automobile insurance, an area in which Congress has deferred to the states").

Second, the issues raised in this action can more efficiently be resolved in state court. The default judgment and now tort actions are both pending in state court, and it would be more efficient for the declaratory judgment action, which relies on the same facts and similar issues of law, to be decided concurrently with those other two actions.

Third, permitting the case to go forward would create unnecessary entanglement between the federal and state courts since the issues of fact in this declaratory judgment action "are already being litigated by the same parties in the related state court actions." *Nautilus*, 15 F.3d at 379.

Finally, fourth, it would be "gratuitous interference" for the Court to proceed with this matter while the default judgment and underlying tort claims proceed in state court. Instead,

---

regarding abstention remain applicable. *See Minn. Lawyers Mut. Ins. Co. v. Antonelli, Terry, Stout & Kraus, LLP*, 355 F. App'x 698, 699 n.1 (4th Cir. 2009).

having this action proceed in federal court is no more than "procedural fencing," an attempt to race to have this Court determine the matter before the state court can rule on the underlying issues.

Therefore, the Court declines to exercise jurisdiction over this declaratory judgment action and the court reconsiders its prior denial of Defendant Walker's motion to dismiss and now grants Defendant Walker's motion to dismiss.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Solomon Victor Walker's Motion to Reconsider or Amend (Dkt. No. 14). The Court therefore **GRANTS** Defendant Solomon Victor Walker's Motion to Dismiss (Dkt. No. 6) and this action is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

March 11, 2019
Charleston, South Carolina